NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*Hardin DeWayne Hale*

**Signed November 6, 2006**                                        **United States Bankruptcy Judge**

**I IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § § § § § § § § | **CASE NO. 05-82478-HDH-11** **CHAPTER 11** |
| **HAWS & TINGLE, LTD.** | | |
| **DEBTOR.** | | |

**FINDING OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER
11 U.S.C. §1129(a) AND (b) AND FED. R. BANKR. P. 3020 CONFIRMING
DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION
<u>DATED SEPTEMBER 27, 2006, AS MODIFIED</u>**

WHEREAS, Haws & Tingle, Ltd. ("Haws & Tingle" or the "Debtor") filed their Second

Amended Plan of Reorganization with the Court on September 27, 2006 (Docket No. 249),

reflecting changes made by the Debtor to the First Amended Plan of Reorganization (Docket No.

193) filed with the Court on April 5, 2006; and

WHEREAS, the Debtor filed its Second Amended Disclosure Statement Regarding

Debtor's Second Mended Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the

"Disclosure Statement") (Docket No. 248), on September 27, 2006; and

WHEREAS, on October 2, 2006, the Court issued an Order (i) Approving Debtor's

Second Amended Disclosure Statement with Respect to Debtor's Second Amended Plan of Reorganization Under Chapter 11, (ii) Approving Form of Ballots and Solicitation letter; Scheduling Deadline for Submitting Ballots; (iv) Setting Hearing to Consider Confirmation of the Debtor's Second Amended Plan of Reorganization, and (v) Establishing Deadline for Filing Objections Thereto (the "Disclosure Statement Order (Docket No. 251), that, among other things, (a) established October 30, 2006 as the date for the commencement of the hearing to consider confirmation of the Plan, (b) approved the form of ballots for voting on the Plan ("Ballots") and certain notices of non-voting status ("Non-Voting Notices") for certain holders of Claims1 and Interests, (c) established certain procedures for soliciting votes with respect to the Plan, and (d) established deadlines for submitting Ballots and filing and serving objections to confirmation of the Plan; and

WHEREAS, the Debtor transmitted the Disclosure Statement, the Plan, the Ballots or Non-Voting Notices, the Disclosure Statement Order, notice of the confirmation hearing, the solicitation letter approved by the Court (collectively, the "Solicitation Packages") in accordance with Bankruptcy Rule 3017(d); and

WHEREAS, no objections (the "Objections") to confirmation of the Plan were filed; and

WHEREAS, on Tuesday, October 24, 2006, the Debtor filed the Certification of Tabulation Agent With Respect to the Tabulation of Votes on the Debtor's Second Amended Plan of Reorganization (the "Balloting Affidavit") (Docket No. 267) attesting and certifying the results of the ballot tabulation for classes of claims entitled to vote on the Plan; and

WHEREAS, on October 27, 2006, the Debtor filed its Second Amended Plan of Reorganization, as Modified (the "Plan") (Docket No. 268);

---

1 Unless defined herein, capitalized terms shall have the meanings provided in the Plan (as defined below).

WHEREAS, on October 30, 2006, the Court held a hearing (the "Confirmation Hearing")

to consider confirmation of the Plan; and

NOW, THEREFORE, based upon the Court's review and consideration of (a) the

Balloting Affidavit and the summary of the results of balloting on the Plan attached thereto; (b)

the record of the Confirmation Hearing (including all evidence proffered or adduced at such

hearing, the pleadings and other submissions filed in connection therewith, and the arguments of

counsel made at such hearing); (c) the entire record of this Case; and after due deliberation

thereon, and good cause appearing therefor, the Court makes the following findings of fact and

conclusions of law:

A.      Jurisdiction; Core Proceeding; Venue.  This matter is a core proceeding, over

which this Court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(L) and 1334(a).  Venue of

this proceeding is proper under 28 U.S.C. §§ 1408 and 1409.

B.      Judicial Notice.  Judicial notice is hereby taken of the docket of this Case,

including, without limitation, all pleadings, claims and other documents filed, all orders entered,

and the transcripts of, and all evidence and arguments made, proffered or adduced at the hearings

held before the court during the pendency of this Case.

C.      Transmittal of Materials; Notice.  Due, adequate and sufficient notice of the

Disclosure Statement and the Plan and of the Confirmation Hearing and of all deadlines for

voting on or filing objections to the Plan has been given to all known holders of Claims and

Interests in accordance with the Disclosure Statement Order and the Bankruptcy Rules, and no

other or further notice is or shall be required.

D.      Solicitation.  Votes for acceptance or rejection of the Plan were solicited in good

faith and in compliance with Bankruptcy Code sections 1125 and 1126, Bankruptcy Rules 3017

and 3018, the Disclosure Statement, other applicable provisions of the Bankruptcy Code, and all

other rules, laws and regulations.

E.     Distribution.  All procedures used to distribute the Solicitation Packages to the applicable holders of Claims entitled to vote on the Plan, and to holders of Claims and Interests not entitled to vote on the Plan, and to tabulate the Ballots were fair and conducted in accordance with Bankruptcy Code, the Bankruptcy Rules, and all other rules, laws and regulations.

F.     Plan Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(1)).  The Plan complies with the applicable provisions of the Bankruptcy Code, in satisfaction of Bankruptcy Code section 1129(a)(1).

1.     Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1)).  In addition to Administrative Claims, Priority Tax Claims, and United States Trustee fees, which need not be classified, the Plan designates 6 classes of Claims and Interests with respect to the Debtor.  Valid business, factual and/or legal reasons exist for separately classifying the various Classes of Claims and Interests, and such Classes and the Plan's treatment thereof do not unfairly discriminate between the holders of Claims or Interests.  The Plan satisfies Bankruptcy Code sections 1122 and 1123(a)(1).

2.     Specify Unimpaired Classes and Interests (11 U.S.C. § 1123(a)(2)).  Article 5.01 of the Plan specifies the Classes of Claims that are unimpaired under the Plan, thereby satisfying Bankruptcy Code section 1123(a)(2).

3.     Specify Treatment of Impaired Classes and Interests (11 U.S.C. § 1123(a)(3)).  Article IV of the Plan specifies the Classes of Claims and Interests that are impaired under the Plan and specifies the treatment of the Claims and Interests in those Classes, thereby satisfying Bankruptcy Code section 1123(a)(3).

4.     No Discrimination (11 U.S.C. § 1123(a)(4)).  The Plan provides for the same treatment for each Claim or Interest in each respective Class, thereby satisfying

Bankruptcy Code section 1123(a)(4).

     5.     <u>Implementation of Plan (11 U.S.C. § 1129(a)(2))</u>. The Plan provides adequate and proper means for its implementation, thereby satisfying Bankruptcy Code section 1123(a)(5).

     G.     <u>Debtor's Compliance with Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code section 1129(a)(2). Specifically,

     1.     the Debtor is a proper debtor and proper proponent of the Plan under Bankruptcy Code sections 109 and 1121(a), respectively;

     2.     the Debtor has complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Court; and

     3.     the Debtor has complied with applicable provisions of the Bankruptcy Code, the Bankruptcy rules and the Disclosure Statement Order in transmitting the Solicitation Packages and soliciting and tabulating votes with respect to the Plan.

     H.     <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. The Debtor has solicited votes on the Plan in good faith and in compliance with the Disclosure Statement Order and applicable provisions of the Bankruptcy Code, and are entitled to the protection afforded by Bankruptcy Code section 1125(e).

     I.     <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Debtor and its officers and directors have proposed the Plan in good faith and not by means forbidden by law. Thus, the Plan satisfies Bankruptcy Code section 1129(a)(3).

     J.     <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtor for services or costs and expenses in or in connection with the Case, or in connection with the Plan and incident to the Case, has been approved by, or

is subject to the approval of the Court, as reasonable, thereby satisfying Bankruptcy Code section

1129(a)(4).

K.      Directors and Officers (11 U.S.C. § 1129(a)(5)).  The Plan and Disclosure

statement designate Scott Seidel as Plan Trustee.

L.      Best Interests of Creditors (11 U.S.C. § 1129(a)(7)).  The Plan satisfies

Bankruptcy Code section 1129(a)(7).  The Disclosure Statement and the evidence adduced at the

Confirmation Hearing are persuasive, credible and uncontroverted; have not been challenged in

the Objections or otherwise; are based on reasonable and sound assumptions; and establish that

each holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain

under the Plan, on account of such Claim or Interest, property of a value, as of the Effective

Date, that is not less than the amount that such holder would receive or retain if the Debtor were

liquidated under chapter 7 of the Bankruptcy Code on such date.

M.      Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8)).  Holders of Claim in

Classes 1, 2 and 3 are not impaired under the Plan and the holders of those Claims are

conclusively presumed to have accepted the Plan under the Bankruptcy Code section 1126(f).

Classes 4 and 5 have voted to accept the Plan in accordance with Bankruptcy Code Sections

1126(c) and (d).  Class 6 did not vote because as of the Effective Date, all Interests in the Debtor

will be canceled, and the Holders of such Interests will not retain any property on account of

such Interests.  Nevertheless, Class 6 consented to the Confirmation.

N.      Treatment of Administrative and Tax Claims (11 U.S.C. § 1129(a)(9)).  The

treatment of Administrative Claims, Priority Tax Claims and Other Priority Tax Claims pursuant

to Article VI of the Plan satisfies the requirement of Bankruptcy Code section 1129(a)(9).

O.      Acceptance by Impaired Classes (11 U.S.C. § 1129(a)(10)).  Classes 4 and 5

voted to accept the Plan.  Therefore, at least one class of Claims that is impaired under the Plan

has accepted the Plan, as determined without including any acceptance of the Plan by any

insider, thus satisfying the requirements of Bankruptcy Code section 1129(a)(1)).

   P.  <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The Plan provides for distributions to

creditors in accordance with the priority scheme of the Bankruptcy Code and the terms of the

Plan.  The Disclosure Statement and the evidence adduced at the Confirmation Hearing is

persuasive, credible and uncontroverted; has not been challenged in the Objections or otherwise;

is based on reasonable and sound assumptions; and establishes that the Plan is feasible, thus

satisfying the requirements of Bankruptcy Code section 1129(a)(11).

   Q.  <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  All fees payable under section 1930

of title 28 of the United States Code, as determined by the Court, have been paid or will be paid

on the Effective Date pursuant to section 3.02 of the Plan, thus satisfying the requirements of

Bankruptcy Code section 1129(a)(12).

   R.  <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13))</u>.  To the extent the

Debtor is obligated to pay any "retiree benefits," as defined in Bankruptcy Code section 1114(a),

such obligations shall continue after the Effective Date.  Thus, the Plan satisfies the requirements

of Bankruptcy Code section 1129(a)(13).

   S.  <u>Modifications to the Plan</u>.  The modifications to the Plan made in the Plan do not

materially adversely affect the treatment of any Claims or Interests in any Classes under the Plan.

Accordingly, pursuant to Bankruptcy Rule 3019, the Plan does not require any additional

disclosure under Bankruptcy Code section 1125 or any solicitation of votes under Bankruptcy

Code section 1126, nor does it require that holders of Claims be afforded an opportunity to

change previously cast acceptances or rejections of the Plan.

   T.  <u>Satisfaction of Confirmation Requirements and Conditions to Confirmation</u>.  The

Plan satisfies the requirements for confirmation set forth in Bankruptcy Code section 1129.  The

conditions to confirmation set forth in section 16.02 of the Plan have been satisfied or will be satisfied by entry of this Confirmation Order.

U.      Releases and Injunction.  The release and injunction provisions in sections 10.02 and 10.03 of the Plan (the "Discharge/Injunction Provisions") are within the jurisdiction of the Court under 28 U.S.C. §§ 1334(a) and (b) and said injunctions have been consented to by the creditors, no objections having been filed.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1.      Confirmation.  The Plan, consisting of the Plan as modified, is approved and confirmed under Bankruptcy Code section 1129 in its entirety.  The terms of the Plan are incorporated by reference into and are an integral part of this Confirmation Order.  A copy of the Plan is annexed to this Confirmation Order as Exhibit "A" (Docket No. 268).

2.      Objections.  All of the Objections, to the extent not otherwise withdrawn, waived or settled, and all reservation of rights pertaining to confirmation of the Plan include therein, are overruled on the merits.

3.      Plan Classification Controlling.  The classifications of Claims for purposes of distributions to be made under the Plan shall be governed solely by the terms of the Plan.  The classifications set forth on the Ballots tendered to or returned by the Debtor's creditors in connection with voting on the Plan were set forth on the Ballots solely for purposes of such voting, do not necessarily represent and in no event shall modify or otherwise affect the actual classification of such Claims under the Plan for any purpose, and shall not be binding on the Debtor or Plan Trustee.

4.      Binding Effect.  Pursuant to Bankruptcy Code section 1141, and subject to the terms of this Confirmation Order, the Plan and its provisions shall be binding upon and inure to

the benefit of (a) the Debtor, (b) Plan Trustee, (c) any entity acquiring or receiving property or a distribution under the Plan, (d) any present holder of a Claim against or Interest in the Debtor, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan, (e) any other party in interest, (f) any person making an appearance in the Case and (g) any heirs, successors, assigns, trustee, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries or guardians of the foregoing.

5.      <u>Vesting of Assets (11 U.S.C. §§ 1141(b) and (c))</u>.  Pursuant to section 11.01 of the Plan the property and assets of the Debtor's Estate under section 541 of the Bankruptcy Code will revest in the Plan Trustee on the Effective Date free and clear of all Claims and Interests, but subject to the obligations of the Plan Trustee as set forth in the Plan and the Confirmation Order. Commencing on the Effective Date, and subject to the terms of this Confirmation Order, the Plan Trustee may deal with its assets and property and conduct its business without any supervision by, or permission from, the Court or the office or the United States Trustee, and free of any restriction imposed on the Debtor by the Bankruptcy Code or by the Court during the Case.

6.      <u>Rejection and Assumption of Executory Contracts and Unexpired Leases (11 U.S.C. § 1123(b)(2)); Bar Date for Rejection Damage Claims</u>.  Pursuant to section 8.01 of the Plan, all executory contracts and unexpired leases to which the Debtor is a party shall be automatically rejected as of the Effective Date, unless such executory contract or unexpired lease (a) shall have been previously assumed by the Debtor, (b) is the subject of a motion to assume filed on or before the Confirmation Date, or (c) is listed in a Plan Document, or any amendments thereof.  Pursuant to section 8.03 of the Plan, if the rejection of an executory contract or unexpired lease pursuant to section 8.01 of the Plan or otherwise gives rise to a Claim, such Claim shall be forever barred and shall not be enforceable against the Debtor, Plan Trustee or

their respective properties or agents, successors, or assigns, unless a proof of Claim is filed with the Court and served upon the Plan Trustee no later than thirty (30) days after the Confirmation Date.

7.      Releases and Injunction.  All consideration distributed under this Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against and Interests in the Debtor of any nature whatsoever or against any of the Debtor's assets or properties.  Except as otherwise expressly provided in this Plan, entry of the Confirmation Order acts as a discharge of all Claims against, liens on, and Interests in the Debtor, the Debtor's assets and properties, arising at any time before the Effective Date, regardless of whether a proof of Claim or proof of Interest was filed, whether the claim or Interest is Allowed, or whether the Holder of the Claim or Interest votes to accept this Plan or is entitled to receive a distribution under this Plan.  Upon the entry of the Confirmation Order, any Holder of the discharged Claim or Interest will be precluded from asserting against the Debtor or the Plan Trustee or any of their assets or properties any other or further Claim or Interest based on any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date.  The Confirmation Order will be a judicial determination of discharge of all liabilities of the Debtor, and the Plan Trustee will not be liable for any Claims or Interests and will only have the obligations as are specifically provided for in this Plan or in the Creditors' Trust.  A true and correct copy of the Creditors' Trust Agreement is annexed to this Confirmation Order as Exhibit "B" (Docket No. 270).

8.      Injunction.  The satisfaction, releases, and discharge pursuant to Article X of the Plan shall also act as an injunction against any Person commencing or continuing any action, employment of process, or act to collect or recover any Claim or cause of action against the Debtor, the Reorganized Debtor or the Plan Trustee, satisfied, released, or discharged under the

Plan to the fullest extent authorized or provided by the Bankruptcy Code, including, without limitation, to the extent provided for or authorized by sections 524 and 1141 thereof.

9. <u>General Authorizations</u>. The Debtor, the Reorganized Debtor, the Plan Trustee and their respective directors, officers, agents and attorneys are authorized and empowered to issue, execute, deliver, file or record any agreement, release, document, instrument or other agreement or document, including, without limitation, any of the Plan Documents, as modified, amended or supplemented, and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms, or take any or all corporate actions authorized to be taken pursuant to the Plan, including any amendment or restatement of any bylaws, charter or the certificate of incorporation of the Debtor or Reorganized debtor, whether or not specifically referred to in the Plan or any Plan Document, without further order of the Court.

10. <u>Exemption from Certain Taxes</u>. Pursuant to Bankruptcy Code section 1146(c), any transfers from a Debtor to the Reorganized Debtor, Plan Trustee or any other Person under the Plan or this Confirmation Order, including, without limitation, the issuance, transfer, or exchange of debt or equity securities under the Plan or the creation of any mortgage, lien, deed of trust or other security interest under the Plan, shall not be subject to any tax under any law imposing a stamp tax or similar tax.

11. <u>Bar Date for Administrative Claims</u>. Pursuant to section 3.01 of the Plan, all requests for payment of an Administrative Claim, other than (a) a Fee Claim, (b) an Allowed Claim, or (c) a liability incurred and paid in the ordinary course of business by the Debtor must be filed with the Court, and served on all parties required to receive notice thereof, no later than sixty (60) days after the Effective Date. Such application must include at a minimum (a) the name of the Holder of the Claim, (b) the amount of the Claim, and (c) the basis of the Claim.

Failure to timely file and serve the application required under this section shall result in the Administrative Claim being forever barred and discharged. An Administrative Claim with respect to which notice has been timely and properly filed pursuant to section 3.01 of the Plan and this provision of the Confirmation Order shall become an Allowed Administrative Claim if no objection is filed within ninety (90) days after its filing and service. If an objection is filed within such ninety (90) day period, the Administrative Claim shall become an Allowed Administrative Claim only to the extent Allowed by a Final Order. Notwithstanding the foregoing, it is anticipated that the Plan Trustee may require funding from Zurich or others. The repayment of such advances may be entitled to priority as an administrative claim. Such status may be sought by the claimant after appropriate notice and hearing.

12. <u>Final Fee Applications</u>. Pursuant to Section 3.02 of the Plan, each Professional who holds or asserts an Administrative Claim that is a Fee Claim for compensation for services rendered and reimbursement of expenses incurred prior to the Effective Date shall be required to file with the Bankruptcy Court, and shall serve on all parties required to receive notice, a Fee Application within sixty (60) days after the Effective Date. Objections to Fee Applications must be filed within thirty (30) days after the filing and service of the Fee Application. Failure to timely file a Fee Application as required under this section of the Plan shall result in the Fee Claim being forever barred and discharged. A Fee Claim with respect to which a Fee Application has been timely and properly filed pursuant to section 3.02 of the Plan and this provision of the Confirmation Order shall become an Allowed Administrative Claim only to the extent allowed by a Final Order.

13. <u>Discharge</u>. Except as provided in this Confirmation Order, all consideration distributed under the Plan will be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims against the Debtor of any nature whatsoever or against any

of the Debtor's assets or properties. Except as otherwise expressly provided in the Plan or this Confirmation Order, the Debtor is discharged, effective as of the Effective Date, from all Claims against, liens on, and Interests in the Debtor, the Debtor's assets and properties, arising at any time before the Effective Date, regardless of whether a proof of Claim or proof of Interest was filed, whether the Claim or Interest is Allowed, whether the Holder of the Claim or Interest voted to accept the Plan or is entitled to receive a distribution under the Plan. Upon the entry of the Confirmation Order, except as provided in this Confirmation Order, any Holder of the discharged Claim or Interest will be precluded from asserting against the Debtor or Reorganized Debtor or any of their assets or properties, any other or further Claim or Interest based on any document, instrument, act, omission, transaction or other activity of any kind or nature that occurred before the Effective Date. The Confirmation Order shall be a judicial determination of discharge of all liabilities of the Debtor or Reorganized Debtor and the Plan Trustee will not be liable for any Claims or Interests and will only have the obligations specifically provided for in the Plan and the Confirmation Order.

14. <u>Payment of Fees</u>. All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid on the Effective Date, and the Plan Trustee shall thereafter pay any such statutory fees that come due after the Effective Date until the Case is closed.

15. <u>Existing Interests</u>. Pursuant to section 11.04 of the Plan, all Interests in the Debtor shall be canceled, extinguished and terminated effective upon the Effective Date.

16. <u>Notice of Entry of Confirmation Order</u>. On or before the tenth Business Day after the entry of this Confirmation Order, the Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all creditors and interest holders, the United States Trustee and other parties in interest by causing such notice to be delivered to such parties by first class mail, postage prepaid.

17.     Notice of Effective Date.  Within five Business Days following the occurrence of the Effective Date, Reorganized Debtor shall file notice of the occurrence of the Effective Date with the court and serve a copy of same on (a) the United States Trustee, and (c) entities that have requested notice in the Case under Bankruptcy rule 2002.

18.     Reference to Plan Provisions.  The failure specifically to include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

19.     Inconsistency.  In the event of an inconsistency between the Plan and any agreement, instrument or document intended to implement the provisions of the Plan, the provisions of the Plan shall govern unless otherwise expressly provided for in such agreement, instrument or document.  In the event of an inconsistency between (a) the Plan and any agreement, instrument or document intended to implement the provisions of the Plan and (b) this Confirmation Order, the provisions of this Confirmation Order shall govern.

20.     Binding Effect.  Pursuant to Bankruptcy Code sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan, all Plan Documents and all Plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

21.     Monthly Operating Reports.  From and after the Confirmation Date, the Debtor and Reorganized Debtor shall be relieved of any further obligation to file monthly operating reports with the Bankruptcy Court.

22.     Claims of Zurich.  Zurich's Class 5 Claim is deemed allowed in the amount of $12,526,896 (this does not include Zurich's Allowed Administrative Claim of $25,000 or any other claim Zurich may have outside of Class 5).  Zurich may request an increase in its claim by

filing a motion seeking an amendment to its existing proof of claim, serving same on the Plan Trustee, the United States Trustee, and Mark E. Andrews, counsel for Debtor, the 20 largest unsecured creditors and requesting a hearing on same. Such amendment, to be timely, must occur within 10 days of a notice by the Plan Trustee that he intends to make a final distribution. Otherwise, Zurich's Claim will remain $12,526,896. Notwithstanding the foregoing, Zurich can, at any time, elect to decrease its claim if it determines it is too high. The deemed allowance of Zurich's claim shall not be binding on Jim Hasenzahl, individually.

# # # END OF ORDER # # #

Order submitted by:

Mark E. Andrews
State Bar No. 01253520
mandrews@coxsmith.com
1201 Elm Street, Suite 4242
Dallas, Texas 75270
Telephone: 214-698-7819
Facsimile: 214-698-7899

# EXHIBIT "A"

# [See Docket #268]